**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Baxano Surgical, Inc.,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 14-12545 (CSS)<br><br>**Re: D.I. 176**<br>Objection Deadline: To Be Determined<br>Hearing Date: To Be Determined |

**MOTION OF THE DEBTOR FOR (A) FIRST MODIFICATION OF FINAL ORDER (I) AUTHORIZING DEBTOR TO OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362, 363, AND 364, (II) GRANTING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDER PURSUANT TO 11 U.S.C. §§ 364 AND 507, (III) AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (IV) PROVIDING ADEQUATE PROTECTION TO PREPETITION SECURED LENDER PURSUANT TO 11 U.S.C. §§ 361, 362, 363, 364, AND 507, AND (V) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY) AND (C) AND LOCAL BANKRUPTCY RULE 4001-2, AND (B) GRANTING RELATED RELIEF**

The above-captioned debtor and debtor-in-possession (the "Debtor"), hereby moves (the "Motion")[2] this Court for entry of an order substantially in the form attached hereto as Exhibit A, modifying that certain Final Order (I) Authorizing Debtor to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 362, 363 and 364 (II) Granting Liens and Superpriority Claims to Postpetition Lender Pursuant to 11 U.S.C. §§363 and 507, (III) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §363, (IV) Providing Adequate Protection to Prepetition Secured Lender Pursuant to 11 U.S.C. §§361, 362, 363, 364 and 597, and (V) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(B) and (C) and Local Bankruptcy Rule 4001-2 [D.I. 176]( the "Final DIP Order")

---

[1] The last four digits of the Debtor's tax identification numbers are 9022. The address of the Debtor's corporate headquarters is 110 Horizon Drive, Suite 230, Raleigh, North Carolina 27615.

[2] Capitalized term used but not defined herein shall have the meanings ascribed to such terms in the DIP Motion (defined below).

In support of this Motion, the Debtor respectfully represents as follows:

## PRELIMINARY STATEMENT

1. By this Motion, the Debtor seeks a modification of the Final DIP Order in order to obtain authority to continue to use its Cash Collateral and, possibly, continue to obtain DIP Financing in each case solely to pay the ordinary and necessary expenses to the extent provided for under a revised Budget.  Under the Final DIP Order, as currently in effect, the Debtor's ability to use Cash Collateral and obtain DIP Financing expires on February 1, 2015 (the "Maturity Date").

2. As the Court is aware, the auction of substantially all, or a majority, of the Debtor's assets is scheduled to commence on January 22, 2015, with a bid deadline of January 20, 2015 and a sale hearing scheduled for January 27, 2015.  The auction process presents a number of potential outcomes ranging from the sale of substantially all of the Debtor's assets to the sale of less than all of the Debtor's assets and from the generation of sufficient proceeds to pay all secured claims to the generation of proceeds which will be insufficient to pay all secured claims in full.  It has now become apparent that regardless of the results of the auction and sale process, the Debtor will require the continued use of Cash Collateral and, possibly, continued DIP Financing through the Extended Maturity Date (defined below).

3. Absent the ability to use its Cash Collateral and, possibly, obtain DIP Financing through the Extended Maturity Date, the Debtor will be immediately unable to meet its ordinary and necessary operating expenses and will have no choice but to terminate all remaining operations and employees.  That undoubtedly would cause immediate and irreparable harm to the Debtor's estate and stakeholders by eliminating the ability to market and sell any remaining product lines and wind up the affairs of the estate in an orderly fashion.

2

4.  The material terms pursuant to which the Debtor proposes to utilize Cash Collateral and, possibly, obtain DIP Financing through the Extended Maturity Date are substantially the same as those set forth in the Final DIP Order.

5.  The Prepetition Lender and the DIP Lender consented to the use of Cash Collateral and to provide DIP Financing through the Maturity Date, subject to the terms and conditions of the DIP Termsheet, the Budget, the Interim DIP Orders and the Final DIP Order, and no person or entity other than the Prepetition Lender and the DIP Lender have an interest in the Debtor's Cash Collateral.  Given the uncertainties regarding the extent of the Debtor's need for use of Cash Collateral and/or DIP Financing in February through the Extended Maturity Date created by very different potential outcomes of the auction, the Debtor has not yet been able to provide the Prepetition Lender and DIP Lender with a proposed Budget (the "Amended Budget") for the period beyond the Maturity Date.  As a result, neither the Prepetition Lender nor the DIP Lender is currently in position to consent to the relief requested in this Motion. However, it is reasonably anticipated that, prior to the hearing on this Motion, the Debtor will provide such Amended Budget and the Debtor, the Prepetition Lender and the DIP Lender will reach an agreement on the continued use of Cash Collateral and, if necessary, additional DIP Financing, which agreement will be incorporated in the order approving this Motion.[3] The Amended Budget will be filed with the Court and served on all parties who receive service of this Motion in advance of the hearing on this Motion.

---

[3] Pursuant to Del. Bankr. L. R. 9013-1(f), the Debtor has attached to this Motion a proposed form of order.  This order has not been agreed to by the Prepetition Lender or the DIP Lender.  The Debtor is engaged in discussions with the Prepetition Lender and DIP Lender regarding the form of order and anticipates filing and serving on all parties who receive service of this Motion in advance of the hearing on this Motion a form of order which has been agreed upon by the Debtor, the Prepetition Lender and the DIP Lender.
.

## JURISDICTION, VENUE, AND PREDICATES FOR RELIEF

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2).

7. The statutory bases for the relief requested herein are section 363 and, possibly, 364 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001 and 9014, and Local Rule 4001-2.

## BACKGROUND

### A. Introduction

8. On November 12, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9. No request for the appointment of a trustee or examiner has been made in this chapter 11 case (the "Chapter 11 Case").

10. On November 25, 2014, the Office of the United States Trustee appointed a committee of unsecured creditors (the "Committee"). [D.I. 80].

11. The factual background relating to the Debtor's commencement of this Chapter 11 Case is set forth in detail in the Declaration of John L. Palmer [D.I. 10] (the "Palmer Declaration"), which is incorporated herein by reference.

12. On the Petition Date, the Debtor filed a *Motion For Interim And Final Orders (I) Authorizing The Debtor To (A) Obtain Postpetition Financing Pursuant To 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(3), 364(d)(1), 364(e) And 507, (B) Utilize Cash Collateral Pursuant To 11 U.S.C. § 363, (C) Grant Priming Liens And Superpriority Claims To The DIP Lender, And (D) Provide Adequate Protection To Prepetition Lender Pursuant To 11 U.S.C. §§ 361, 362, 363*

4

*And 364, (II) Scheduling A Final Hearing Pursuant To Bankruptcy Rules 4001 (b) And (c) And (III) Granting Related Relief* (the "DIP Motion"). [D.I. No. 8]. Pursuant to the DIP Motion, the Debtor sought authorization to utilize Cash Collateral and approval of post-petition financing in accordance with the terms of the DIP Termsheet.

13. On November 18, 2014 and December 12, 2014, respectively, the Court entered interim orders [D.I. Nos. 33, 144] (collectively, the "Interim DIP Orders") approving the DIP Motion pursuant to which the Debtor was authorized to utilize Cash Collateral and obtain DIP Financing through the entry of a final order.

14. On December 22, 2014, the Court entered the Final DIP Order authorizing the Debtor to utilize Cash Collateral and obtain DIP Financing through the Maturity Date.

**B. The Proposed Continued Use of Cash Collateral and, Possibly, Additional DIP Financing**

15. As noted above, the Debtor proposes to modify the Final DIP Order to authorize the use of Cash Collateral and, possibly, the continued ability to obtain DIP Financing beyond the Maturity Date – through the date to be set forth in the Amended Budget (the "Extended Maturity Date").

16. Pursuant to Bankruptcy Rule 4001 and Local Rule 4001-2, a summary of the terms of the Final DIP Order which would continue to apply to use of cash collateral and, if requested and granted, continued DIP Financing, is provided in paragraph 17 of the DIP Motion, which is incorporated herein by reference.

17. The Debtor believes that the Prepetition Lender will consent to the continued use of Cash Collateral and, in any event, will remain adequately protected by the protections described above and that allowing the continued use of Cash Collateral is in the best interests of its estate and creditors.

5

18. To the extent the Debtor and the DIP Lender determine to extend the DIP Financing through the Extended Maturity Date, the Debtor and the DIP Lender will file a supplement to the DIP Termsheet prior to the hearing on this Motion describing the terms of such extension.

## BASIS FOR RELIEF REQUESTED

19. The legal bases for the Debtor's continued use of Cash Collateral and, if applicable, additional DIP Financing are stated in the DIP Motion and are incorporated herein by reference.

## NOTICE

20. The Debtor has provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Official Committee of Unsecured Creditors: Pillsbury Winthrop Shaw Pittman LLP, 1540 Broadway, New York, New York 10036 (Attn: Leo T. Crowley, Esquire) and Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, Wilmington, Delaware 19899 (Attn.: Ann C. Cordo, Esquire); (c) all persons and entities that have requested notices pursuant to Fed. R. Bankr. P. 2002; (d) Hercules Technology Growth Capital, Inc., the Debtor's secured pre-petition lender and post-petition lender, Legal Department, Attn: Chief Legal Officer and Bryan Jadov, 1100 Hamilton Avenue, Suite 310, Palo Alto, CA 94301; (e) Cole Shotz, 25 Main Street, Hackensack, NJ, 07601, Attn: Stuart Komrower and Ilana Volkov, counsel to Hercules Technology Growth Capital, Inc.; (f) Internal Revenue Service; (g) Securities and Exchange Commission; and (h) Delaware Department of Justice Division of Securities. The Debtor submits that no other or further notice need be provided.

21. In light of the nature of the relief requested, the Debtor respectfully submits that no further notice is necessary.

## CONCLUSION

WHEREFORE, based upon the foregoing, the Debtor respectfully requests that the Court (a) approve the modification of the Final DIP Order to allow for use of Cash Collateral and, if

requested at the hearing on this Motion, additional DIP Financing, in each case through the Extended Maturity Date; and (b) grant such other and further relief that this Court deems necessary and just.

Dated: January 16, 2015 STEVENS & LEE, P.C.

By: /s/ John D. Demmy
John D. Demmy (DE Bar No. 2802)
1105 N. Market Street, Suite 700
Wilmington, Delaware 19801
Tel. (302) 425-3308
Fax (610) 371-8515
Email: jdd@stevenslee.com

and

Robert Lapowsky
John C. Kilgannon
1818 Market Street
29th Floor
Philadelphia, Pennsylvania 19103
Tel. (215) 575-0100
Email: rl@stevenslee.com
Email: jck@stevenslee.com

*Attorneys for Debtor and*
*Debtor in Possession*