## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Baxano Surgical, Inc.,[1] | Case No. 14-12545 (CSS) |
| Debtor. | **Hearing Date: March 30, 2015 at 10:00 a.m.**<br>**Objection Deadline: March 3, 2015 by 4:00 p.m.** |

## MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER EXTENDING THE DEBTOR'S EXCLUSIVE PERIODS TO FILE A CHAPTER 11 PLAN AND SOLICIT VOTES THEREON

The above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel, hereby files this motion (the "Motion"), pursuant to section 1121(d) of title 11 of the United States Code, 11 U.S.C. § 101 – 1532 (the "Bankruptcy Code"), for entry of an order:  (a) extending the period in which the Debtor has the exclusive right to file a chapter 11 plan (the "Exclusive Filing Period") by ninety (90) days, through and including June 10, 2015; and (b) extending the period in which the Debtor has the exclusive right to solicit acceptances of the chapter 11 plan (the "Exclusive Solicitation Period," and together with the Exclusive Filing Period, the "Exclusive Periods") by ninety (90) days, through and including August 9, 2015.  In support of this Motion, the Debtor respectfully represents as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The last four digits of the Debtor's tax identification number are 9022.  The address of the Debtor's corporate headquarters is 110 Horizon Drive, Suite 230, Raleigh, North Carolina 27615.

**Background**

3.  On November 12, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtor is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.  No request for the appointment of a trustee or examiner has been made in this chapter 11 case (the "Chapter 11 Case").

5.  On November 25, 2014, the Office of the United States Trustee appointed a committee of unsecured creditors.  [D.I. 80].

6.  The factual background relating to the Debtor's commencement of this Chapter 11 Case is set forth in detail in the Declaration of John L. Palmer [D.I. 10], which is incorporated herein by reference.

7.  At the outset of this case, the Debtor, in the exercise of its reasonable business judgment, determined that the most effective way to maximize the value of the Debtor's estate was to sell substantially all of its assets pursuant to section 363 of the Bankruptcy Code.

8.  Toward that end, on November 19, 2014, the Debtor filed a *Motion for Orders (I)(A) Approving Bidding Procedures, (B) Approving Form Of Sale Notice And Assumption/Cure Notice, (C) Approving Procedures For Assumption And Assignment Of Contracts And Leases, (D) Authorizing The Debtor To Designate A Stalking Horse And Provide Bid Protections, And (E) Setting A Date For The Sale Hearing, And (II) Authorizing And Approving (A) The Sale Of The Debtor's Assets, And (B) The Assumption And Assignment Of Certain Contracts And Leases* pursuant to which the Debtor sought approval of the (i) proposed bidding procedures; and (ii) sale of substantially all of its assets (the "Sale Motion").  [D.I. 43].

2

9.  On December 12, 2014, the Court entered an *Order (A) Approving Bidding Procedures; (B) Approving Form Of Sale Notice And Assumption/Cure Notice; (C) Approving Procedures For The Assumption And Assignment Of Contracts And Leases; (D) Authorizing The Debtor To Designate A Stalking Horse And Provide Bid Protections, And (E) Setting A Date For The Sale Hearing* (the "Bidding Procedures Order").  [D.I. 147].

10.  Pursuant to the Bidding Procedures Order, on January 22, 2015, the Debtor conducted an auction during which it secured bids for all of its product lines which included the: (i) Io Product and Bone Graft Harvesting Product; (ii) VEO Product; (iii) AVANCE Product; and (iv) AxiaLIF Vectre Screw Product (the "Sold Product Lines").

11.  On January 29, 2015, the Court entered four Orders authorizing the sale of the Sold Product Lines to the successful bidders, which sales were consummated shortly thereafter.  [D.I. 271, 272, 273, 274].   The sale of the Sold Product Lines yielded gross proceeds of $7,760,000.

12.  The Debtor's Exclusive Filing Period is scheduled to expire on March 12, 2015 and the Debtor's current Exclusive Solicitation Period is scheduled to expire on May 11, 2015.  To ensure that this Chapter 11 Case continues to progress in an effective and efficient manner, the Debtor seeks the requested extensions so that it can work toward a consensual chapter 11 plan.

## Relief Requested

13.  By this Motion, the Debtor seeks the entry of an Order, pursuant to sections 105(a) and 1121(d) of the Bankruptcy Code, (a) extending the Debtor's Exclusive Filing Period by ninety (90) days, through and including June 10, 2015 and (b) extending the Debtor's Exclusive Solicitation Period by ninety (90) days, through and including August 9, 2015.

3

**Basis for Relief Requested**

14.  A debtor is provided with the exclusive right to propose a Chapter 11 plan during the first one hundred and twenty (120) days of a Chapter 11 case.  Indeed, section 1121(b) of the Bankruptcy Code provides that "only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter."  11 U.S.C. § 1121(b).

15.  Sections 1121(c)(2) and (3) further provide, in relevant part, that a party in interest may file a plan if  "the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter or the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief…"  *See* § 1121(c)(2)-(3).

16.  Section 1121(d)(1) provides, in relevant part:

> [O]n request of a party in interest made within the respective periods in subsections (b) and (e) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

11 U.S.C. § 1121(d)(1).

17.  Pursuant to section 1121(d)(2), the 120-day Exclusive Filing Period may not be extended beyond a date that is eighteen months after the Petition Date, and the 180-day Exclusive Solicitation Period may not be extended beyond a date that is twenty (20) months after the Petition Date.  *See* 11 U.S.C. § 1121(d)(2).  In the present case, the requested extensions of the Exclusive Periods, if granted, do not extend beyond those deadlines.  Thus, this Motion is consistent with the requirements of Bankruptcy Code section 1121(d)(2).

**I.  A Court May Extend the Exclusive Periods for "Cause" under Section 1121(d) of the Bankruptcy Code**

18.  Section 1121(d)(1) of the Bankruptcy Code provides that a court may extend exclusive periods for "cause" shown.  *See* 11 U.S.C. § 1121(d).  "Cause" is not defined in the Bankruptcy Code; rather; courts have broad discretion to determine "cause" based on the facts

and circumstances of each case. *See First Am. Bank of N.Y. v. Southwest Gloves & Safety Equip., Inc.,* 64 B.R 963, 965 (D. Del. 1986) (stating that section 1121(d)(1) provided bankruptcy court with flexibility to increase the period of exclusivity in its discretion).

19.  Legislative history also makes clear that the term "cause" is intended to be a flexible standard aimed at balancing the competing interests of a debtor and its creditors. *See* H.R. Rep. No. 95-595 at 231-32 (1978).  The purpose of exclusivity is to "promote an environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated." *See* H.R. Rep. No. 95-595 at 16 (1994).

20.  Accordingly, to fulfill Congressional intent, a debtor should be granted a reasonable opportunity to remain in control for a period of time to prepare adequate financial and non-financial information regarding the outcome of any proposed plan for disclosure to creditors. *See In re Mclean Indus. Inc.,* 87 B.R. 830, 833-34 (Bankr. S.D.N.Y. 1987); *see also In re All Seasons Indus., Inc.,* 121 B.R. 1002, 1006 (Bankr. N.D. Inc, 1990) ("One of the most important reasons for extending the debtor's period of exclusivity is to give the chapter 11 process of negotiation and compromise an opportunity to be fulfilled, so that a consensual plan can be proposed and confirmed without opposition.").

21.  Courts within the Third Circuit and in other jurisdictions have held that the decision to extend the exclusivity periods is left to the sound discretion of a bankruptcy court and should be based on the totality of the circumstances in each case. *First Am. Bank of N.Y.,* 64 B.R. at 965; *In re Dow Corning Corp.,* 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997).

22.  To determine whether cause exists to extend the exclusivity periods, courts consider several factors including:  (i) the size and complexity of a case; (ii) the debtor's need for sufficient time to negotiate a plan and prepare adequate information; (iii) the existence of good

faith progress toward reorganization; (iv) whether the debtor is paying its bills as they come due; (v) whether the debtor has shown a reasonable likelihood of proposing a viable plan; (vi) the progress the debtor has made in negotiating with its creditors; (vii) the amount of time that has elapsed in the case; (viii) whether the debtor is seeking an extension of the exclusive periods to pressure creditors to submit to the debtor's reorganization demands; and (ix) whether any unresolved contingency exists.  *See, e.g., In re Adelphia Comm. Corp.,* 352 B.R. 578, 587 (Bankr, S.D.N.Y. 2006); *Dow Corning* 208 B.R. at 664-65 (Bankr, E.D. Mich. 1997); *In re Express One Int'l, Inc.,* 194 B.R. 98, 100 (Bankr, E.D. Tex. 1996).  No single factor is dispositive in determining whether to extend exclusivity; rather, courts can choose to rely on only a few factors or even altogether differing factors.  *See In re Elder-Beerman Stores Corp.*, No. C-3-97-175, 1997 WL 1774880, at *4 (S.D. Ohio June 23, 1997).

23.  As set forth below, an application of the relevant foregoing factors to the present case demonstrates that ample cause exists to grant the Debtor's requested extensions of the Exclusive Periods.

## II.  Cause Exists to Extend the Exclusive Periods

### A.  The Debtor Has Made Good Faith Progress Towards a Plan

24.  Since the Petition Date, the Debtor has made significant progress in its Chapter 11 Case.  Indeed, although the Chapter 11 Case has been pending for just over three months, the Debtor has*, inter alia*:  (i) conducted a successful auction process; (ii) consummated the sales of the Sold Product Lines for a significant return to the estate; (iii) obtained interim and final approval of the Debtor's debtor in possession financing; (iv) prepared and filed Schedules of Assets and Liabilities and Statements of Financial Affairs; (v) obtained approval of a key employee incentive plan; and (vi) prosecuted other motions to maximize the value of the estate.

6

25.  The Debtor intends to maintain the speed and efficiency of this Chapter 11 Case.  However, the Debtor is mindful of the time required to monetize its remaining assets. The Debtor also requires sufficient time to consider alternatives for concluding this case, including conversion to a chapter 7 and confirmation of a liquidating plan of reorganization. The Debtor thus seeks a brief extension of the Exclusive Periods so that the Debtor, in consultation with its key constituents, can select an alternative for concluding this case and so that, if the selected alternative is a liquidating plan of reorganization, the Debtor has sufficient time before the Exclusive Periods expire to propose and confirm such plan.

### B.  The Debtor is Paying its Postpetition Obligations as They Become Due

26.  Next, the fact that the Debtor continues to pay its postpetition obligations as such obligations become due supports an extension of the Debtor's Exclusive Periods.

### C.  The Debtor Has Demonstrated Reasonable Prospects for Filing a Viable Plan

27.  Furthermore, the Debtor's prospects for filing and ultimately confirming a viable chapter 11 plan, if that alternative for concluding this case is selected, are favorable.  The Debtor has concluded the sale of substantially all of its assets and is now collecting outstanding accounts receivable.  The asset sales, coupled with the collection of accounts receivable, will generate sufficient funds to fully repay the Debtor's secured lender, Hercules Growth Technology, Inc. and to pay all allowed administrative claims.  It is also anticipated that sufficient funds will be generated to pay all allowed priority claims and there is a reasonable chance that some excess will exist to fund distributions to unsecured creditors and/or to fund a liquidating trust.

### D.  The Chapter 11 Case Has Been Pending for a Short Period of Time

28.  The fact that the Chapter 11 Case has been pending for less than three months, during which time the Debtor has made significant progress, including the

SL1 1349000v1 109188.00001

consummation of asset sales that may provide a recovery to creditors, further supports the requested extension of the Exclusive Periods.

### E.  No Prejudice to Creditors

29.  The Debtor does not believe that the requested extension of the Exclusive Periods will harm its creditors or other parties in interest.  On the contrary, the Debtor has conducted this Chapter 11 Case in a manner intended to maximize the recoveries of its creditors. In addition, the Debtor is not seeking this extension to prejudice its creditors or to otherwise pressure creditors to submit to reorganization demands.  Instead, the Debtor seeks the requested extension so that it can maintain the status quo in this Chapter 11 Case while the Debtor liquidates its remaining operations and determines how to conclude this case.  Thus, because neither the Debtor's creditors nor any other party in interest will be prejudiced by the proposed extension of the Exclusive Periods, the Debtor submits that the relief requested should be approved.

### F.  Courts In This District Have Granted Similar Relief

30.  Given the complexities of most chapter 11 reorganization proceedings, it is not surprising that courts in this jurisdiction have frequently granted the relief requested in this Motion.  *See e.g., In re Energy Future Holdings Corp.,* No.14-10979 (CSS)(Bankr. D.Del. Sept. 16, 2014) (granting initial extension of approximately one hundred and eighty (180) days); *In re Longview Power, LLC*, No. 13-12211 (BLS)(Bankr. D.Del. Jan. 28, 2014) (granting initial extension of approximately ninety (90) days); *In re School Specialty, Inc.,* No. 13-10125 (KJC) (Bankr. D. Del. June 17, 2013) (granting initial extension of approximately sixty (60) days).

SL1 1349000v1 109188.00001

**Reservation**

31.  Although the Debtor hopes to be in a position to file a consensual chapter 11 plan within the extended Exclusive Filing Period, as a precautionary measure, the Debtor reserves the right to request further extensions of the Exclusive Periods for cause.

**No Prior Request**

32.  No previous request for the relief sought herein has been made to this or any other Court.

**Notice**

33.  The Debtor will provide notice of this Motion to:  (a) the Office of the United States Trustee for the District of Delaware; (b) counsel for the Official Committee of Unsecured Creditors appointed in this case (Morris Nichols Arsht & Tunnell, Attn:  Anne Cordo, Esq. and Pillsbury Winthrop Shaw Pittman LLP, Attn:  Leo T. Crowley, Esq.); (c) all persons and entities that have requested notices pursuant to Fed. R. Bankr. P. 2002; (d) Hercules Technology Growth Capital, Inc., the Debtor's secured pre-petition lender and proposed post-petition lender, Legal Department, Attn:  Chief Legal Officer and Bryan Jadov, 1100 Hamilton Avenue, Suite 310, Palo Alto, CA 94301; and (e) Cole Shotz, 25 Main Street, Hackensack, NJ, 07601, Attn:  Stuart Komrower and Ilana Volkov, counsel to Hercules Technology Growth Capital, Inc.

SL1 1349000v1 109188.00001

WHEREFORE, the Debtor respectfully requests entry of an order; substantially in the form annexed hereto at **Exhibit A**:  (i) extending the Debtor's Exclusive Filing Period by ninety days, through and including June 10, 2015; (ii) extending the Debtor's Exclusive Solicitation Period by ninety days, through and including August 9, 2015; and (iii) granting the Debtor such other and further relief as is just and proper.

Dated:  February 9, 2015                      STEVENS & LEE

By:   */s/ John D. Demmy*  _____
        John D. Demmy (DE Bar No. 2802)
        1105 N. Market Street, Suite 700
        Wilmington, Delaware 19801
        Tel. (302) 425-3308
        Email:  jdd@stevenslee.com
                    and

        Robert Lapowsky
        John C. Kilgannon
        1818 Market Street
        29th Floor
        Philadelphia, Pennsylvania  19103
        Tel. (215) 575-0100
        Email: rl@stevenslee.com
        Email: jck@stevenslee.com

        *Attorneys for Debtor and Debtor in Possession*

SL1 1349000v1 109188.00001