# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Baxano Surgical, Inc.,[1] | Case No. 14-12545 (CSS) |
| Debtor. | Related D.I.: 176, 212, 281, 318 and 384 |

### ORDER APPROVING (A) FOURTH MODIFICATION OF FINAL ORDER (I) AUTHORIZING DEBTOR TO OBTAIN POSTPETITION FINANCING PURSUANT TO 11 U.S.C. §§ 105, 362, 363, AND 364, (II) GRANTING LIENS AND SUPERPRIORITY CLAIMS TO POSTPETITION LENDER PURSUANT TO 11 U.S.C. §§ 364 AND 507, (III) AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (IV) PROVIDING ADEQUATE PROTECTION TO PREPETITION SECURED LENDER PURSUANT TO 11 U.S.C. §§ 361, 362, 363, 364, AND 507, AND (V) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(B) AND (C) AND LOCAL BANKRUPTCY RULE 4001-2, AND (B) GRANTING RELATED RELIEF

Upon the motion (the "Motion") of the above-captioned debtor and debtor-in-possession (the "Debtor") for entry of an order modifying that certain Final Order (I) Authorizing Debtor to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 362, 363 and 364 (II) Granting Liens and Superpriority Claims to Postpetition Lender Pursuant to 11 U.S.C. §§363 and 507, (III) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §363, (IV) Providing Adequate Protection to Prepetition Secured Lender Pursuant to 11 U.S.C. §§361, 362, 363, 364 and 507, and (V) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(B) and (C) and Local Bankruptcy Rule 4001-2 [D.I. 176] (as modified by the First Modification of Final DIP Order, the Second Modification of Final DIP Order and the Third Modification of Final DIP

---

[1] The last four digits of the Debtor's tax identification number are 9022. The Debtor's mailing address is P.O. Box 98386, Raleigh, North Carolina 27624.

Order (each as defined below), the "Final DIP Order")[2]; the Court finds that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b); (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the venue of this proceeding and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interest of the Debtor, its estate and its creditors; (v) proper and adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; and (vi) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein.  Therefore, it is hereby:

**ORDERED** that the Motion is **GRANTED** as set forth herein; and it is further

**ORDERED** that all of the terms of the Final DIP Order shall remain in full force and effect pursuant to the terms thereof (including, notwithstanding the replacement of the Budget attached to the Order Approving (A) Third Modification of Final Order (I) Authorizing Debtor to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 362, 363 and 364 (II) Granting Liens and Superpriority Claims to Postpetition Lender Pursuant to 11 U.S.C. §§363 and 507, (III) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §363, (IV) Providing Adequate Protection to Prepetition Secured Lender Pursuant to 11 U.S.C. §§361, 362, 363, 364 and 507, and (V) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(B) and (C) and Local Bankruptcy Rule 4001-2, and (B) Granting Related Relief [D.I. 384] (the "Third Modification of Final DIP Order") with the New Budget (defined below) attached to this Order and the funding and payment of the Carve Out as set forth in Paragraph 15 in the amounts reflected in the Budgets attached to the Final DIP Order, the Order Approving (A) First Modification of Final Order (I) Authorizing Debtor to Obtain Postpetition Financing Pursuant to

---

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Final DIP Order.

11 U.S.C. §§ 105, 362, 363 and 364 (II) Granting Liens and Superpriority Claims to Postpetition Lender Pursuant to 11 U.S.C. §§363 and 507, (III) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §363, (IV) Providing Adequate Protection to Prepetition Secured Lender Pursuant to 11 U.S.C. §§361, 362, 363, 364 and 507, and (V) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(B) and (C) and Local Bankruptcy Rule 4001-2, and (B) Granting Related Relief [D.I. 281] (the "First Modification of Final DIP Order"), the Order Approving (A) Second Modification of Final Order (I) Authorizing Debtor to Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 362, 363 and 364 (II) Granting Liens and Superpriority Claims to Postpetition Lender Pursuant to 11 U.S.C. §§363 and 507, (III) Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. §363, (IV) Providing Adequate Protection to Prepetition Secured Lender Pursuant to 11 U.S.C. §§361, 362, 363, 364 and 507, and (V) Scheduling Final Hearing Pursuant to Bankruptcy Rules 4001(B) and (C) and Local Bankruptcy Rule 4001-2, and (B) Granting Related Relief [D.I. 318] (the "Second Modification of Final DIP Order") and the Third Modification of Final DIP Order, the "Carryover Carveout")), except as modified by this Order; and it is further

**ORDERED** that, because the DIP Obligations have been paid in full, the term "Maturity Date," as defined in the DIP Termsheet is hereby replaced with August 2, 2015 solely for purposes of the Debtor's continued use of Cash Collateral; and it is further;.

**ORDERED** that the Debtor is hereby authorized to continue using Cash Collateral to pay those expenses, and only those expenses, set forth in the budget attached as Exhibit 1 hereto (the "New Budget") and the Carryover Carveout on the terms and conditions set forth in the Final DIP Order, provided, however, that the expenses set forth in the New Budget and the Carryover Carveout shall be deemed to have been paid first from current and/or future

cash in which Hercules does not have a perfected security interest or lien (the "Non-Cash Collateral"); and it is further,

**ORDERED** that, notwithstanding anything in the Third Modification of Final DIP Order and the New Budget to the contrary, beginning on or before June 2, 2015 and continuing on or before each subsequent Tuesday (or, if not a Business Day, the next Business Day), the Debtor shall pay to Hercules for application to the Prepetition Indebtedness an amount equal to (a) the Debtor's cash on hand (which shall not include escrowed cash) as of the prior Business Day, minus (b) $40,000, provided, however, (x) the amounts paid by the Debtor pursuant to this Ordered paragraph plus any amounts paid by the Debtor to Hercules on and after March 24, 2015 shall not exceed $500,000; and it is further,

**ORDERED** that notwithstanding the possible applicability of Rules 6004(h) of the Bankruptcy Rules or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

**ORDERED** that the Debtor is hereby authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

**ORDERED** that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order; and it is further:

**ORDERED** that, to the extent necessary, this Court shall consider an extension of this Order at the omnibus hearing in this case on __7/24__, 2015 at ~~10:00 a.m.~~ 11:00 a.m. (the "Continued Hearing"); and it is further:

**ORDERED** that the Debtor shall promptly serve by overnight mail, postage prepaid, copies of this Order and a notice that a further extension of the Final DIP/Cash Collateral Order will be considered at the Continued Hearing on the following: (i) the Office of

the United States Trustee; (ii) the United States Securities and Exchange Commission; (iii) the Internal Revenue Service; (iv) the Office of the United States Attorney for the District of Delaware; (v) the Committee; (vi) all parties filing request for service under Bankruptcy Rule 2002; and (vii) all other known parties asserting a lien against the Debtor's assets. The notice shall state that any party in interest objecting to the extension of the Final DIP/Cash Collateral Order shall file an objection at least seven (7) days prior to the Continued Hearing.

Dated: June 3, 2015
       Wilmington, Delaware

                                        _____
                                        CHRISTOPHER A. SONTCHI
                                        UNITED STATES BANKRUPTCY JUDGE